1  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (149343)
2  THOMAS J. O'REARDON II (247952)
   501 West Broadway, Suite 1490
3  San Diego, CA 92101
   Tel: 619/338-1100
4  619/338-1101 (fax)
   tblood@bholaw.com
5  toreardon@bholaw.com

6  Class Counsel

7  [Additional Counsel Appear on Signature Page]

8              **UNITED STATES DISTRICT COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10  GORDON NOBORU YAMAGATA and          Case No. 3:17-cv-03529-VC
    STAMATIS F. PELARDIS, individually and
11  on behalf of all others similarly situated,   **PLAINTIFFS' NOTICE OF UNOPPOSED
                                                   MOTION AND MOTION; AND
12              Plaintiffs,                        MEMORANDUM IN SUPPORT OF
                                                   MOTION FOR APPROVAL OF CLASS
13       v.                                        NOTICE**

14  RECKITT BENCKISER LLC,

15              Defendant.                         **CLASS ACTION**

16                                                 Hrg. Date:   March 26, 2020
                                                   Time:          10:00 a.m.
17                                                 District Judge Vince Chhabria
                                                   Courtroom 4, 17th Floor
18
                                                   Complaint Filed:     June 19, 2017
19                                                 Trial Date:          September 21, 2020

20                                                 **JURY TRIAL DEMANDED**

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

1

2

3

4

5

6

7

8

9

10

11

BLOOD HURST & O' REARDON, LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF UNOPPOSED MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 26, 2020, at 10:00 a.m., in Courtroom 4 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Vince Chhabria presiding, in accordance with Federal Rules of Evidence, Rules 401, 402, and 702, Plaintiffs Gordon Noboru Yamagata and Stamatis F. Pelardis will and hereby do move for an order granting this unopposed motion and approving Plaintiffs' class notice proposal.

This motion is based on the accompanying memorandum, the Declaration of Timothy G. Blood, all exhibits, the pleadings, papers and other documents on file herein, and such further material or argument as the Court may consider at or before the hearing on this Motion.

Respectfully submitted,

Dated: February 14, 2020

BLOOD HURST & O'REARDON, LLP

By:      *s/ Timothy G. Blood*
         TIMOTHY G. BLOOD

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...............................................................................................................1

II.   THE NOTICE PLAN .........................................................................................................1

    A.    The Form of the Proposed Notice Meets the Requirements of Rule 23(c)(2) and Due Process ........................................................................................3

    B.    The Proposed Dissemination of the Notice Meets Requirements of Rule 23(c)(2) and Due Process ...................................................................................5

III.  CONCLUSION ..................................................................................................................7

BLOOD HURST & O'REARDON, LLP

00161146

BLOOD HURST & O' REARDON, LLP

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs propose a notice plan that consists of notice by publication via progressive digital media, as well as a "long form" notice that provides more detailed information and is available on two different websites. As described below, the forms of notice follow the Federal Judicial Center's recommended notices. The manner of disseminating notice was developed by JND Legal Administration ("JND"), a recognized specialist in formulating class notice plans. This notice plan should be approved because it meets all of the requirements of Rule 23 and due process.

Accordingly, in accordance with Federal Rules of Civil Procedure, Rule 23, Plaintiffs hereby move for an order directing and approving the form, content, and manner of notice to the certified Class, and specifically moves this Court for an order:

1.    Approving the form and content of the long-form class notice to be available at www.MoveFreeAdvancedLawsuit.com in the form attached as **Exhibit A**.

2.    Approving the form and content of the short-form class notice in the form attached as **Exhibit B**.

3.    Approving the form and content of the class notice to be published digitally in the form attached as **Exhibit C**.

4.    Ordering the appointment of JND Legal Administration to implement and administrate the dissemination of class notice and administer opt-out requests pursuant to the proposed notice dissemination plan attached as **Exhibit D**.

## II.    THE NOTICE PLAN

The notice plan is robust and is designed to reach at least 70% of the Class through targeted online dissemination. No less than two weeks from the date of the order granting approval of the notice plan, dissemination of notice will start and will continue over the course of four weeks through a digital media campaign using a programmatic partner, which allows for multiple targeting layers and provides the greatest reach. The multiple targeting layers, which include both geographic targeting and category contextual targeting, will help ensure delivery to the most appropriate digital users. The digital notice messaging will utilize standard Internet Advisory Board (IAB) banner

1   advertisement sizes (160x600, 300x250, 728x90, and 320x50), multiple size banner advertisements

2   on Facebook, and approximately 92,000,000 impressions will be served. To target demographics of

3   the Class, the online banner advertisements will focus on California and New York joint remedy

4   users aged 35 and older, with a supplemental behavioral target of Internet websites specifically

5   aimed at California and New York adults who have shown an interest in health and fitness.

6       JND Legal Administration designed the notice plan by analyzing the demographics and

7   media usage of Class members to determine how best to reach them. The media campaign will

8   utilize online banner advertisements (Exhibit C) that contain hyperlinks directing Class Members to

9   a class notice website where detailed information is available. The notice administrator designed

10  this Notice Plan based on demographic data of likely Class Members: adults in California and New

11  York who used glucosamine supplements; nonprescription remedies/relievers for joint or arthritis

12  conditions; or pain-relieving rubs, liquids and patches; or have/had arthritis conditions. Using this

13  demographic data, the online banner advertisements will appear throughout the Google Display

14  Network family of highly-trafficked websites and Facebook, and focus on California and New York

15  adults aged 35 and older who have shown an interest in health, wellness, and fitness. There also will

16  be four print placements in the San Jose Mercury News to further extend the reach to potential Class

17  members.

18      Complimenting these methods, the long-form class notice and other case documents will be

19  available to view and download at www.bholaw.com, which is the website for Blood Hurst &

20  O'Reardon, LLP, counsel for the Class, and at www.MoveFreeAdvancedLawsuit.com, the case

21  website created and maintained by JND. A toll-free number with automated responses to anticipated

22  questions will also be hosted by the notice administrator. The case website will also provide a link

23  to the long-form class notice in Spanish and will provide a telephone number to contact Class

24  Counsel for additional case information.

25  ///

26  ///

27  ///

28

BLOOD HURST & O'REARDON, LLP

00161146

Case No. 3:17-cv-03529-VC

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE

**A.      The Form of the Proposed Notice Meets the Requirements of Rule 23(c)(2) and Due Process**

Rule 23(c)(2)(B) and due process provides that for any class that has been certified under Rule 23(b)(3), that notice to absent class members be the "best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (internal quotation marks and citation omitted). Rule 23(c)(2)(B) goes on to describe the general parameters for such notice; namely, that the notice:

> [C]learly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Plaintiffs' class notice proposal includes a long-form notice (*see* Exhibit A) and a short-form notice (*see* Exhibit B) that are modeled after the Federal Judicial Center's "'Illustrative' Forms of Class Action Notices." *See* http://www.fjc.gov/ (last visited January 14, 2020).[1] This is consistent with the Court's Civil Standing Order, which instructs the parties to consult the FJC model notices and utilize notices that are written carefully, and in plain English. In addition, the online banner notices (*see* Exhibit C) link the reader to a website designed and maintained by the notice administrator (www.MoveFreeAdvancedLawsuit.com) where the long-form and short-form notices will be posted and available for download (*see* Exhibit F, the proposed notice website). The operative complaint and order granting class certification will also be available on this case website.

The Federal Judicial Center explains the rationale upon which Plaintiffs' class notice proposal is based:

---

[1]      The FJC model notices include those in the settlement context and for notice of pendency purposes, the latter of which is available at https://www.fjc.gov/content/employment-discrimination-notices. Plaintiffs have modeled the content of these proposed short and long forms of notice on the FJC's model notices of pendency.

BLOOD HURST & O' REARDON, LLP

We began this project by studying empirical research and commentary on the plain language drafting of legal documents. We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low. We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action." Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.

We then tested the redrafted securities and products liability notices before focus groups composed of ordinary citizens from diverse backgrounds. This testing explored recipients' willingness to open and read a notice as well as their ability to comprehend and apply the information contained in a notice.

We tested the effectiveness of the redrafted securities notice by conducting a survey comparing the Center's redrafted illustrative plain language notice with the best comparable notice we could find from closed securities class action cases. Using objective comprehension measures, we found that participants who received the Center's plain language notice exhibited significantly higher comprehension than participants who received the comparison notice.

In August 2001, we posted to the FJC Website the yet-again redrafted securities and products liability notices and requested public comments. We subsequently revised the notices' design and wording, incorporating comments and suggestions received and using the assistance of additional experts. In November 2003 we added the employment notices.

          *     *     *

**Notes for use by attorneys and judges**

We designed the illustrative notice forms posted here to demonstrate ways that clear, simple, "plain" language and design can be used when drafting class action notices. In an actual case, attorneys and judges can adapt an illustrative notice to the unique factual, legal, and procedural circumstances of their case.

*Id.*

          The form of Plaintiffs' class notice proposal is based on and largely verbatim of the Federal Judicial Center's model notices and satisfies the requirements of Rule 23 and due process. The proposed class notices clearly and concisely state, among other things, the nature of the action, the

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O' REARDON, LLP

1    Class certified, the options available to Class members, and when to exercise their rights. *See, e.g.*,

2    Fed. R. Civ. P. 23 Advisory Committee Notes (2003) ("The Federal Judicial Center has created

3    illustrative clear-notice forms that provide a helpful starting point for actions similar to those

4    described in the forms."); *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1115 (9th Cir. 2018)

5    (recognizing that class certification notice "conformed" to the class action notices developed by the

6    Federal Judicial Center); *Lopez v. Uber Techs., Inc.,* No. 17-cv-06255-YGR, 2018 U.S. Dist. LEXIS

7    196430, at *4 (N.D. Cal. Nov. 14, 2018) (finally approved notice that "was clear and organized,

8    following the model forms provided by the Federal Judicial Center"); *Johns v. Bayer Corp.*, No.

9    09cv1935 AJB (DHB), 2013 U.S. Dist. LEXIS 14933, at *6 (S.D. Cal. Feb. 1, 2013) (approved

10    notice as being "based on and consistent with the Federal Judicial Center's notices"); *Flanagan v.*

11    *Allstate Ins. Co.*, No. 01 C 1541, 2007 U.S. Dist. LEXIS 78619, at *3-4 (N.D. Ill. Oct. 18, 2007)

12    ("We begin by adopting, generally, defendant's template, since it is taken directly from the Federal

13    Justice Center's archive of sample Notice forms. . . . The remainder of our modifications . . . draw[]

14    from the structure of the FJC sample."); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, No. 06-

15    02069 SBA, 2008 U.S. Dist. LEXIS 109446, at *20-21 (N.D. Cal. May 2, 2008) (finding notice

16    proposed by plaintiff adequate where it complied with the Federal Judicial Center's notices).

17    **B.    The Proposed Dissemination of the Notice Meets Requirements of Rule 23(c)(2)
18         and Due Process**

19         If the names and addresses of class members cannot be determined by reasonable efforts,

20    notice by publication is sufficient to satisfy the requirements of the due process clause and Rule 23.

21    *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Weeks v. Kellogg*

22    *Co.*, No. CV 09-08102 (MMM) (RZx), 2011 U.S. Dist. LEXIS 155472, at *41 (C.D. Cal. Nov. 23,

23    2011) (recognizing that where the class "consists of persons with unknown addresses, notice by

24    publication is reasonable") (citing *Dennis v. Kellogg Co.*, No. 09-CV-1786-IEG(WMc), 2010 U.S.

25    Dist. LEXIS 116924, at *16 (S.D. Cal. Oct. 14, 2010)); *Carlough v. Amchem Prods.*, 158 F.R.D.

26    314, 325 (E.D. Pa. 1993) ("For those whose names and addresses cannot be determined by

27    reasonable efforts, notice by publication will suffice under Rule 23(c)(2) and under the due process

28    clause."); *Ross v. Trex Co.*, No. C 09-00670 JSW, 2013 U.S. Dist. LEXIS 29081, at *7 (N.D. Cal.

Mar. 4, 2013) (same). Due process does not require that all class members receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform the persons affected. *See, e.g., Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Whether a notice dissemination plan is reasonable is a function of the notice plan's anticipated results:

> Receipt of actual notice by all class members is required neither by Rule 23 nor the Constitution. . . . What efforts are reasonable under the circumstances of the case rests initially in the sound discretion of the judge before whom the case is pending. . . . In all cases the Court should strike an appropriate balance between protecting class members and making Rule 23 workable.

*See* Manual for Complex Litigation, Second, § 30.211, at 223; *see also Silber v. Mabon*, 18 F.3d 1449, 1454 and n.3 (9th Cir. 1994) (citing *Stoller v. Baldwin-United Corp.*, 650 F. Supp. 341, 342-43 (S.D. Ohio 1986)).

Here, at the present time, the Parties do not have the names and addresses for Class members for the purpose of providing direct mail of the long-form notice. However, the proposed means of dissemination will target Class members through online publication and other outreach, which constitutes the best notice practicable under the circumstances. *See, e.g., Johns*, 2013 U.S. Dist. LEXIS 14933, at *4-6 (holding that online publication through banner advertisements, and a dedicated case website containing the class notices and relevant documents satisfied Rule 23 and due process); *In re Google Referrer Header Privacy Litig.*, 87 F. Supp. 3d 1122, 1129 (N.D. Cal. 2015) (holding that Internet-based notice using paid banner ads, online articles, a settlement website and a telephone line was the best practicable notice).

To disseminate and administer Plaintiffs' proposed notice, Plaintiffs have secured JND, a firm that specializes in the design and administration of class action notice programs. *See* Exhibit E (JND's background and examples of class action administrations); *see also* http://www.jndla.com/; *In re Equifax Customer Data Sec. Breach Litig.*, MDL No. 2800, 2020 U.S. Dist. LEXIS 7841, at *171 (N.D. Ga. Jan. 13, 2020) (JND "is highly experienced in administering large class action settlements and judgments"). Plaintiffs attach as Exhibit D hereto a summary of the notice plan proposal by JND.

Specifically, a banner notice (Exhibit C) will be disseminated over a four-week campaign that will serve approximately 92,000,000 digital to the relevant audience, i.e., those fitting the demographic target of joint remedy users in California and New York with contextual and behavioral targeting of those persons with an interest in health, wellness and fitness. The online banner advertisements will also appear throughout desktop and mobile versions of websites within the Google Display Network and on Facebook. By clicking on the banner notice, readers will be directly linked to the website created and administered by JND for this case: www.MoveFreeAdvancedLawsuit.com. The case website will post for reading and downloading the long-form notice in English and Spanish, the order granting class certification, the operative complaint, answers to frequently asked questions and the applicable deadlines. *See* Exhibit F. The long-form notice will also be available on Class Counsel's website: www.bholaw.com.

## III.   CONCLUSION

Plaintiffs submit that the proposed form, method and scope of publishing the class notice as described above will provide adequate legal notice to Class members under Rule 23(c)(2) and due process. Plaintiffs respectfully request that the Court grant this motion and approve Plaintiffs' class notice proposal, which is unopposed by Defendant.

Respectfully submitted,

Dated: February 14, 2020

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)

By:         *s/ Timothy G. Blood*
          TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

CARLSON LYNCH LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: 619/762-1910
619/756-6991 (fax)

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE

BLOOD HURST & O' REARDON, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

tcarpenter@carlsonlynch.com

CARLSON LYNCH LLP
Edwin J. Kilpela, Jr. (*pro hac vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222
Tel: 412/322-9243
412/231-0246 (fax)
ekilpela@carlsonlynch.com

*Attorneys for Plaintiffs*

Case No. 3:17-cv-03529-VC

00161146

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 14, 2020.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

00161146