1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>**CLASS ACTION**<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>**JURY TRIAL DEMANDED** |

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this Settlement and releasing their claims[1]; and

WHEREAS, this Court has considered all submissions related to the Motion and is otherwise fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

## I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.  The terms of the Settlement Agreement filed May 12, 2021, including all exhibits thereto (the "Settlement Agreement"), are preliminarily approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Settlement Class, and are subject to further consideration at the Final Approval Hearing referenced below. This Order incorporates the Settlement Agreement, and its exhibits and related documents. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings in this Order.

2.  The Settlement Agreement was entered into after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of several experienced mediators. The Court preliminarily finds that this Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements and this Court's standard for preliminary approval of class action settlements. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035-37 (N.D. Cal. 2016). Further, the Court finds that the Settlement embodied in the Settlement Agreement is ~~sufficiently within the range of reasonableness so that~~reasonable on this record, such that notice of the Settlement should be given as provided in the Settlement Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

---

[1] *See In re Hyundai & Kia Fuel Economy Litigation*, 926 F.3d 539 (9th Cir. 2019) (en banc).

## II. THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

3. The Court certifies the following Settlement Class for settlement purposes only (the "Settlement Class"):

> All persons who purchased within the United States and its territories Move Free Advanced, Move Free Advanced Plus MSM, or Move Free Advanced Plus MSM & Vitamin D, other than solely for purposes of resale, from May 28, 2015 to the date of the Preliminary Approval Order.
>
> Excluded from the Settlement Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiffs' Counsel and Defendant's Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) any government entity; (iii) Reckitt Benckiser and any entity in which Reckitt Benckiser has a controlling interest, any of its subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and (iv) any persons who timely opt-out of the Settlement Class.

4. The Court finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Judgment and Order Approving Settlement, the terms of the Settlement Agreement, and the occurrence of the Effective Date, that the Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby provisionally certifies the Settlement Class for settlement purposes only. The Court finds, in the specific context of this Settlement Agreement, that: (a) the number of Class Members is so numerous that their joinder in one lawsuit would be impractical; (b) there are some questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Class Members they seek to represent; (d) the Class Representatives have fairly and adequately represented the interests of the Settlement Class and the Class Representatives have retained experienced counsel to represent her and the Settlement Class, whom the Court finds have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g); (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy through settlement.

5. The Court designates Plaintiffs Gordon Noboru Yamagata, Stamatis F. Pelardis,

Maureen Carrigan, Lori Coletti, Ann-Marie Maher, Carol Marshall, Deborah A. Rawls, Oneita Steele, and Maxine Tishman as Class Representatives.

6. The Court further finds that the following counsel fairly and adequately represented, and continue to so represent, the interests of the Settlement Class in all regards, including for settlement purposes and hereby appoints them as counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g):

> Timothy G. Blood
> Thomas J. O'Reardon II
> Blood Hurst and O'Reardon, LLP
> 501 West Broadway, Suite 1490
> San Diego, CA 92101

7. If the Settlement Agreement is not finally approved by the Court, or for any reason the Final Judgment and Order Approving Settlement is not entered as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically and the Action shall proceed as though the Settlement Class had never been certified;

(c) Nothing contained in this Order is to be construed as a presumption, concession or admission by or against Defendant or Class Representatives of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action;

(d) Nothing in this Order pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in the Action; and

(e) All of the Court's prior Orders having nothing whatsoever to do with class certification or the Settlement Agreement shall, subject to this Order, remain in force and effect.

### III. NOTICE TO CLASS MEMBERS

8. The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator: (a) meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the Constitutional requirements regarding notice. In addition, the forms of Class Notice: (a) apprise Class Members of the terms of the proposed Settlement and their rights and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice (Exhibits 5-9, the Long-form Class Notice, Email Notice, Amazon Email Notice, Postcard Notice and Internet Banner Advertisements) and the methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator in all respects, and it hereby orders that notice be commenced within forty-five (45) days of this Order.

9. The Court further approves the establishment of an internet website for the Settlement. This Settlement Website (www.MoveFreeAdvancedSettlement.com) shall include documents relating to the Settlement Agreement, orders of the Court relating to the Settlement Agreement and such other information as Class Counsel and Defendant's Counsel mutually agree would be beneficial to potential Class Members. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice and other terms of the Settlement Agreement.

10. The Court is aware that Class Counsel has served subpoenas on Costco Wholesale Corporation, Walmart Inc., Walgreen Co., Rite Aid Corporation, CVS Pharmacy, Inc., BJ's Wholesale Club, Inc. and Amazon.com, Inc. (the "Subpoenaed Retailers"), for the names, email addresses, mailing addresses, and telephone numbers of their Class Member customers who purchased Move Free Advanced at any time during the class period. As described in the Settlement

1  Agreement, this list will be used by the Settlement Administrator for the sole purpose of providing
2  Class Notice directly to such Class Member customers.

3      11.    Notwithstanding Paragraph 10 above, the Court also permits Amazon, Inc., a third-
4  party retailer who received a subpoena from Class Counsel, to send the approved class notice
5  substantially in the form of Exhibit 7 to the Settlement Agreement to the email addresses associated
6  with Amazon customers that Amazon's records indicate purchased Move Free Advanced during the
7  class period. Amazon shall send the email notice within thirty (30) days of this Order. Within seven
8  (7) days after sending the email notice, Amazon shall provide a declaration to Class Counsel and
9  Defendant's Counsel indicating compliance with this Order and setting forth the total number of
10 Class Members to whom it sent email notice, and the total number of those emails that were
11 delivered successfully as reported by Amazon's email server.

12     12.    The Court hereby appoints Epiq Class Action and Claims Solutions to be the
13 Settlement Administrator. Responsibilities of the Settlement Administrator are found in the
14 Settlement Agreement.

15 **IV.    REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS**

16     13.    Class Members who wish to be excluded from the Settlement Class must mail a
17 written request for exclusion, using either Exhibit 11 to the Settlement Agreement, which shall be
18 available on the Settlement Website, or with a letter mailed to the Settlement Administrator
19 postmarked no later than fourteen (14) days before the date first set for the Final Approval Hearing.
20 A request for exclusion may also be submitted online at the Settlement Website. Any request for
21 exclusion must be signed by the potential Class Member and contain the following information: the
22 name, address, and telephone number of the Class Member; basis upon which the person claims to
23 be a Class Member; the Class Member's signature and date of signature; and a statement that the
24 Class Member wants to be excluded.

25     14.    Potential Class Members who timely and validly exclude themselves from the
26 Settlement Class shall not be bound by the Settlement Agreement, the settlement, or the Final
27 Judgment and Order Approving Settlement. If a potential Class Member files a request for
28 exclusion, he/she/it may not assert an objection to the Settlement Agreement. Not later than five (5)

1    days after the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and

2    Defendant's Counsel with a final list of timely Requests for Exclusion. Defendant's Counsel shall

3    file this list with the Court prior to the Final Approval Hearing.

4      15. Any potential Class Member that does not properly and timely exclude

5    himself/herself/itself from the Settlement Class shall remain a Class Member and shall be bound by

6    all the terms and provisions of the Settlement Agreement and the settlement and the Final Judgment

7    and Order Approving Settlement, whether or not such Class Member objected to the Settlement

8    Agreement or submits a claim form or otherwise avails himself/herself/itself of the benefits available

9    in the Settlement Agreement.

## V.  OBJECTIONS

11      16. Any Class Member who has not requested exclusion and who wishes to object to the

12    fairness, reasonableness, or adequacy of the Settlement Agreement, or to the requested award of

13    attorneys' fees, costs, and expenses, or the requested service awards to the Class Representatives,

14    must submit a written statement of objections to the Court either by mailing or by filing it at any

15    location of the United States District Court for the Northern District of California. The written

16    objection must be filed or mailed and postmarked no later than fourteen (14) days before the date

17    first set for the Final Approval Hearing. For mailing objections, the Court's address is as follows:

> Class Action Clerk
> United States District Court,
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94201-3489

21      17. To be considered by the Court, any objection must be in writing and include the

22    following information: (a) a heading which refers to the case name and number (*Yamagata v. Reckitt

23    Benckiser, LLC*, Case Number 3:17-cv-03529-VC); (b) the objector's full name, telephone number,

24    and address (the objector's actual residential address must be included); (c) if represented by

25    counsel, the full name, telephone number, and address of all counsel, and whether counsel will

26    appear at the Final Approval Hearing; (d) all of the reasons for the objection; (e) an explanation of

27    the basis upon which the person claims to be a Class Member; and (f) the objector's dated,

28    handwritten signature (an electronic signature or attorney's signature are not sufficient). Any

documents supporting the objection must also be attached to the objection. If any testimony is to be given in support of the objection, the names of all persons who will testify must be set forth in the objection.

18. The Court will require substantial compliance with the requirements above. If the objector does not submit a written objection in accordance with the deadline and procedure set forth above, the objector will waive any right to be heard at the Final Approval Hearing. However, the Court may excuse the objector's failure to file a written objection upon a showing of good cause, which, if granted, would permit the objector to still appear at the Final Approval Hearing and object to the Settlement.

## VI. FINAL APPROVAL HEARING

19. The Final Approval Hearing will be held on Thursday, October 28, 2021 at 2:00 p.m. Pacific Time before this Court, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 4 – 17th Floor, to consider, *inter alia*, the following: (a) whether the Settlement Class should be certified for settlement purposes; (b) whether the settlement and Settlement Agreement should be finally approved as fair, reasonable and adequate; and (c) Class Counsel's application for attorneys' fees, costs and expenses ("Fee Request") and the Class Representative's service awards.

20. No later than thirty-five (35) days prior the Final Approval Hearing, Class Counsel shall file and Defendant may file with the Court any memoranda or other materials in support of final approval of the Settlement Agreement and also no later than forty-four (44) days prior the Final Approval Hearing, Class Counsel shall file any request for attorneys' fees and expenses with the Court. Any reply briefs relating to final approval of the Settlement Agreement or Class Counsel's request for attorneys' fees and expenses or responses to objections to the Settlement Agreement shall be filed no later than seven (7) days prior the Final Approval Hearing.

21. Any Class Member who has not excluded himself/herself/itself from the Settlement Class may appear at the Final Approval Hearing in person or by counsel (at his/her/its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the

Settlement Agreement and/or the fee request. Any Class Member wanting to be heard at the Final Approval Hearing shall send a letter saying that it is his/her/its "Notice of Intention to Appear in *Yamagata v. Reckitt Benckiser, LLC*." Such letter shall be mailed to the Clerk of Court and postmarked on or before seven (7) days prior to the date first set for the Final Approval Hearing. In the notice, the Class Member must include his/her/its name, address, and telephone number, and the name, address, and telephone number of counsel, if any, that will appear. For mailing notices of intent to appear, the Court's address is as follows:

> Class Action Clerk
> United States District Court,
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94201-3489

22. If you want to speak at the Final Approval Hearing without having followed these procedures, you may do so if you demonstrate good cause to the Court.

23. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website at www.MoveFreeAdvancedSettlement.com.

**VII. OTHER PROVISIONS**

24. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

25. The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be included on the Settlement Website www.MoveFreeAdvancedSettlement.com. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

26. Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of

the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

27. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED.**

**Date: June 24, 2021**

HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE