BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF CRAIG M. PETERS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>**CLASS ACTION**<br><br>Hrg Date:   October 28, 2021<br>Time:             2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed:        June 19, 2017<br><br>**JURY TRIAL DEMANDED** |

Case No. 3:17-cv-03529-VC

DECLARATION OF CRAIG M. PETERS ISO MOTION FOR ATTORNEYS' FEES

00182525

I, CRAIG M. PETERS, declare:

1. I am an attorney duly licensed to practice before the courts of the State of California and this Court. I am a partner and trial attorney at Altair Law, one of Plaintiffs' Counsel in this litigation.[1] I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

2. I submit this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Class Representatives.

3. The declaration of Class Counsel, Timothy G. Blood, submitted in connection with the motion for preliminary approval accurately describes the lengthy history of this hard-fought litigation. *See* ECF No. 221-1 (the "Blood Declaration").

4. My firm prosecuted this litigation on a contingent fee basis with no guarantee of recovery. My firm, along with co-counsel, incurred 100% of the risk in pursuing the litigation. My firm advanced expenses with the understanding that we would be paid a fee and receive reimbursement for expenses only if successful.

5. I was the attorney from Altair Law tasked with assisting in the prosecution of this litigation. Throughout this litigation, I worked closely with Mr. Blood and Thomas O'Reardon to manage litigation tasks efficiently and effectively.

6. I am a trial attorney where much of my practice focuses on complex and catastrophic cases involving severe injury or death. My professional background is described on my firm webpage: https://altairlaw.us/craig-peters. I have tried dozens of civil and criminal cases to verdict and have extensive litigation and trial experience dealing with product defects, dangerous property conditions, vehicle and machine accidents, and professional negligence. I am regularly invited to speak on the issue of trial skills by law schools, professional organizations, and outside agencies. Prior to starting Altair Law, I was a trial attorney representing victims of asbestos exposure throughout the State of California. I was a criminal defense attorney for 13 years and went to trial

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as those found in the Settlement Agreement. ECF No. 221-2.

1  on a full range of cases ranging from misdemeanors to felonies. During the last three years of my
2  criminal defense work, I was the Director of Training for the Office of the Public Defender in San
3  Francisco. In addition to teaching trial skills at Hastings College of Law and University of San
4  Francisco School of Law, I have been a professor of Constitutional Law and Evidence at San
5  Francisco Law School. I am a five-time finalist for the San Francisco Trial Lawyer Association Trial
6  Lawyer of the Year for the trial results I obtained for my clients in *Staedler v. Galu* (San Francisco),
7  *Doe v. Mazda* (Alameda County), *Will v. Caterpillar* (Monterey County), *Duncan v. Velasquez*
8  (Solano County) and *Martinez v. Herndon Partners* (Fresno County). In 2018, I was named
9  Consumer Attorney of the Year by the Consumer Attorneys of California for my work in *Doe v.*
10 *Mazda*, where a jury in Alameda County agreed that Mazda's seatback was defectively designed
11 and left my client a partial paraplegic with a lifetime of excruciating pain.

12       7.      Some of my other honors and awards include the following: Top 100: 2018 Northern
13 California Super Lawyers Best Lawyers, Lawyer of the Year 2018 The Best Lawyers in America,
14 U.S. News & World Report, 2018 Rated AV-Preeminent for Ethical Standards & Ability,
15 Martindale-Hubbell, 2018 Finalist for Trial Lawyer of the Year, San Francisco Trial Lawyers
16 Association, 2017 Finalist for Trial Lawyer of the Year, Marin County Trial Lawyers Association,
17 2017 Best Lawyers in America, Best Lawyers, 2017 Rated AV-Preeminent for Ethical Standards &
18 Ability, Martindale-Hubbell, 2017 Top 100: 2017 Northern California Super Lawyers Northern
19 California Super Lawyer, 2017 The Best Lawyers in America, U.S. News & World Report, 2017
20 Finalist for Trial Lawyer of the Year, San Francisco Trial Lawyers Association, 2016 Best Lawyers
21 in America, Best Lawyers, 2016 Rated AV-Preeminent for Ethical Standards & Ability, Martindale-
22 Hubbell, 2016 TopVerdict.com's Top 50 Settlements in California, 2016 Northern California Super
23 Lawyer, 2016 The Best Lawyers in America, U.S. News & World Report, 2016 Rated AV-
24 Preeminent for Ethical Standards & Ability, Martindale-Hubbell, 2016 Finalist for Consumer
25 Attorney of the Year, Consumer Attorneys of California, 2015 Best Lawyers in America, Best
26 Lawyers, 2015 Rated AV-Preeminent for Ethical Standards & Ability, Martindale-Hubbell, 2015
27 Northern California Super Lawyer, 2015 The Best Lawyers in America, U.S. News & World Report,
28 2015 Rated AV-Preeminent for Ethical Standards & Ability, Martindale-Hubbell, 2015 Finalist for

1  Trial Lawyer of the Year, San Francisco Trial Lawyers Association, 2014 Rated AV-Preeminent for
2  Ethical Standards & Ability, Martindale-Hubbell, 2014 Northern California Super Lawyer, 2014
3  Finalist for Trial Lawyer of the Year, San Francisco Trial Lawyers Association, 2013 Northern
4  California Super Lawyer, 2013 Best Lawyers in America Top 100 Trial Lawyers, The National Trial
5  Lawyers Avvo Superb Rating.

6        8.     I am a member of some of the most exclusive invitation-only trial organizations,
7  including the American Board of Trial Attorneys (ABOTA), the International Academy of Trial
8  Lawyers (IATL), the American College of Trial Lawyers (ACTL) and the International Society of
9  Barristers (ISOB). My professional associations and current or past positions include the following:
10 National Board Member – AAJ (American Association for Justice), National Board Member and
11 Co-Chair of the Awards Committee – ABOTA (American Board of Trial Attorneys), Executive
12 Committee Member – SF ABOTA, Co-Chair of the Coalition Against Human Trafficking – IATL,
13 Member – BASF (Bar Association of San Francisco), President-Elect – CAOC (Consumer
14 Attorneys of California), Member and Education Committee Co-Chair – SFTLA (San Francisco
15 Trial Lawyers Association).

16       9.     The services rendered and work performed by my firm covered many aspects of the
17 litigation, including participating in litigation strategy with Class Counsel and other co-counsel on
18 matters involving various aspects of discovery, depositions, experts, and trial strategy. Following
19 class certification and summary judgment, I was asked by Class Counsel to become more involved
20 in strategy as the litigation got closer to trial. For example, I took the deposition of one of
21 Defendant's main outside science experts, Dr. Daniel Grande, I assisted with strategy for various
22 other depositions of both fact witnesses and outside experts, I coordinated focus group efforts in
23 connection with trial preparation, and I participated in mediation efforts. I also coordinated the
24 graphics and demonstratives to be used at trial. I believe the time expended by my firm in this
25 litigation was reasonable and necessary considering the amount of work accomplished.

26       10.    The following information regarding my firm's time and out-of-pocket expenses is
27 taken from time and expense records prepared and maintained by the firm in the ordinary course of
28 business. The time records were prepared daily or shortly thereafter by each attorney or paralegal

1  working on the litigation. The expense records are prepared from receipts, expense vouchers, check
2  records and other documents, and are an accurate record of the expenses. I reviewed the printouts
3  and also reviewed the backup documentation where necessary. The purpose of these reviews was to
4  confirm the accuracy of the entries on the printouts as well as the reasonableness of the time and
5  expenses committed to the litigation.

6  11.  My current hourly rate is $895.00. The total number of hours I spent on this litigation
7  as of September 9, 2021, is 143.25, for a total lodestar of $128,208.75.

8  12.  Based on my knowledge of the class action plaintiff's bar nationwide, my hourly rate
9  is in line with the rates charged by firms that handle class actions of similar size and complexity. I
10 have nearly twenty-five years' experience taking complex actions to trial. The legal authority cited
11 in the concurrently filed motion for attorneys' fees, as well as the billing surveys attached to the
12 declaration of Timothy G. Blood in support of the motion demonstrate that based on my experience,
13 reputation and status in the legal community, my hourly rates for this type of litigation is reasonable
14 in the San Francisco Bay Area. For example, my rate is well within the range of $200 to $1,080
15 charged by partners in California according to the 2015 National Law Journal Billing Rate Survey.
16 *See Blue Growth Holdings Ltd. v. Mainstreet Ltd. Ventures, LLC*, No. CV 13-1452 CRB, 2014 U.S.
17 Dist. LEXIS 97425, at *8-9 (N.D. Cal. July 16, 2014) (approving over objection, "Plaintiff's use of
18 the National Law Journal Billing Survey…as a baseline for reasonable attorneys' fees" because it
19 was "directly on point," made "market rates" for where Plaintiff's lawyers worked "readily
20 available," and the requested rate of up to $925 for New York-based partners was "well-within the
21 average range contemplated by the NLJ survey"); *see also Hefler v. Wells Fargo & Co.*, No. 16-
22 CV-05479-JST, 2018 U.S. Dist. LEXIS 213045, at *38 (N.D. Cal. Dec. 17, 2018) (approving rates
23 from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates); *In re Volkswagen
24 "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 U.S. Dist.
25 LEXIS 39115, at *732 (N.D. Cal. Mar. 17, 2017) ($275 to $1600 for partners, $150 to $790 for
26 associates, and $80 to $490 for paralegals); *Schneider v Chipotle Mexican Grill, Inc.*, 336 F.R.D.
27 588, 601 (N.D. Cal. Nov. 4, 2020) ($830 to $1,275 for partners and $425 to $695 for associates);
28 *Carlotti v. Asus Comput. Int'l*, No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *15 (N.D.

Cal. June 22, 2020) ($950 and $1,025 for partners); *Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04922-HSG, 2020 U.S. Dist. LEXIS 30440, at *22 (N.D. Cal. Feb. 21, 2020) ($615-$1,000 for partners and $275-$575 for associates); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-5923, 2015 U.S. Dist. LEXIS 67298, at *15 (N.D. Cal. May 21, 2015) ($475-$975 for partners, $300-$490 for associates, and $150-$430 for paralegals). Further, I currently charge my only hourly paying client $895 per hour.

13. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

14. As detailed below, my firm has incurred a total of $17,881.60 in unreimbursed expenses in connection with the prosecution of this litigation from inception through September 9, 2021. The expenses incurred in this litigation are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

15. The out-of-pocket litigation expenses incurred by my firm are reasonable in amount and were necessary for the effective and efficient prosecution of the litigation. In addition, I believe all of the expenses are of a type that normally would be charged to a fee-paying client in the private legal marketplace and have actually been charged by my firm to fee-paying clients.

16. My firm's out-of-pocket litigation expenses in the amount of $17,881.60 are summarized below:

| Expense Category | Total |
|---|---|
| Reproduction/Duplication/Copies | $45.38 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $207.14 |
| Trial Demonstratives | $4,129.08 |
| Trial Focus Groups | $13,500.00 |
| **TOTAL** | **$17,881.60** |

17. I was personally involved in trial strategy efforts, including conducting jury focus groups, where themes, graphics and evidence were tested. In connection with these efforts, my firm paid $4,129.08 to prepare trial demonstratives and $13,500.00 to Trial Survey Group for focus group / mock jury efforts. In my experience, these are reasonable, necessary and typical expenses, particularly in a case of this size.

18. As discussed above, I have substantial experience settling and trying complex cases to verdict. I believe this record-setting Settlement is fair, reasonable, and adequate and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 14, 2021, at San Francisco, California.

ALTAIR LAW
CRAIG M. PETERS (184018)


By:       *s/ Craig M. Peters*
              CRAIG M. PETERS

465 California Street, 5th Floor
San Francisco, CA  94104-3313
Tel: 415/988-9828
415/988-9815 (fax)
c.peters@altair.us

*Plaintiffs' Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendant Reckitt Benckiser LLC to the e-mail addresses denoted on the Electronic Mail Notice List, and that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 14, 2021.

                                              *s/ Timothy G. Blood*
                                              TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com