1  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (149343)
2  THOMAS J. O'REARDON II (247952)
   501 West Broadway, Suite 1490
3  San Diego, CA 92101
   Tel: 619/338-1100
4  619/338-1101 (fax)
   tblood@bholaw.com
5  toreardon@bholaw.com

6  Class Counsel

7

8              **UNITED STATES DISTRICT COURT**

9     **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10  GORDON NOBORU YAMAGATA and          Case No. 3:17-cv-03529-VC
    STAMATIS F. PELARDIS, individually and
11  on behalf of all others similarly situated,   **DECLARATION OF BEN BARNOW IN
                                                  SUPPORT OF MOTION FOR
12           Plaintiffs,                          ATTORNEYS' FEES**

13           v.                                   **CLASS ACTION**

14  RECKITT BENCKISER LLC,                        Hrg Date:   October 28, 2021
                                                  Time:       2:00 p.m.
15           Defendant.
                                                  District Judge Vince Chhabria
16                                                Courtroom 4, 17th Floor

17                                                Complaint Filed:   June 19, 2017

18                                                **JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

                                                  Case No. 3:17-cv-03529-VC

1    I, BEN BARNOW, declare:

2    1.    I am an attorney admitted to practice law in the State of Illinois and the State of New

3    York. I am the President of Barnow and Associates, P.C., and one of Plaintiffs' Counsel in this

4    litigation.[1] I have personal knowledge of the matters stated in this declaration except those stated on

5    information and belief, and as to those, I believe them to be true. If called upon, I could and would

6    competently testify to them.

7    2.    I submit this declaration in support of Plaintiffs' Motion for Award of Attorneys'

8    Fees, Reimbursement of Expenses, and Service Awards for Class Representatives.

9    3.    The declaration of Class Counsel, Timothy G. Blood, submitted in connection with

10   the motion for preliminary approval accurately describes the lengthy history of this hard-fought

11   litigation. *See* ECF No. 221-1.

12   4.    I have been practicing law for over 50 years. During the last twenty-plus years, I

13   have successfully prosecuted some of the nation's largest class action lawsuits. Attached as Exhibit

14   A is a copy of my firm's resume, which includes my curriculum vitae and the qualifications of the

15   attorneys from my firm who worked on this litigation.

16   5.    My firm prosecuted this litigation on a contingent fee basis with no guarantee of

17   recovery. My firm, along with co-counsel, incurred 100% of the risk in pursuing the litigation. My

18   firm advanced expenses with the understanding that we would be paid a fee and receive

19   reimbursement for expenses only if successful.

20   6.    Barnow and Associates became involved as Plaintiffs' Counsel with the filing of the

21   *Carrigan v. Reckitt Benckiser, LLC* action on October 22, 2018, in the Northern District of Illinois.

22   Barnow and Associates has worked with Class Counsel on many cases, including as Court-

23   appointed co-lead class counsel with Blood Hurst & O'Reardon on numerous successful class action

24   matters. Particularly given our longstanding history working together, my firm successfully

25   coordinated with Class Counsel to efficiently delegate work and avoid duplication or other

26   inefficiencies. The services rendered and work performed by Barnow and Associates covered many

27

---

[1]    Unless otherwise defined herein, all capitalized terms have the same meaning as those found in the Settlement Agreement. ECF No. 221-2.

28

1                                      Case No. 3:17-cv-03529-VC

1   aspects of the litigation, including reviewing and approving various pleadings for filing in *Carrigan*,

2   meeting with Ms. Carrigan to prepare for her deposition, defending Ms. Carrigan's deposition in

3   Chicago, helping craft litigation strategy with Class Counsel, meeting and conferring with counsel

4   for third-party VDF regarding subpoenas for documents and testimony, reviewing Reckitt

5   Benckiser's discovery responses in *Carrigan* and coordinating with Class Counsel about related

6   strategy, conducting legal research, reviewing and revising the successful motion for class

7   certification in *Carrigan*, and reviewing and approving settlement documents. I believe the time

8   expended by my firm in this litigation was reasonable and necessary in light of the amount of work

9   accomplished.

10       7.    The information in this declaration regarding my firm's time and out-of-pocket

11   expenses is taken from time and expense records prepared and maintained by the firm in the ordinary

12   course of business using timekeeping software. The time records were prepared shortly thereafter

13   by each attorney working on the litigation. The expense records are prepared from receipts, expense

14   vouchers, check records, and other documents and are an accurate record of the expenses. I reviewed

15   the printouts and reviewed the backup documentation where necessary. The purpose of these

16   reviews was to confirm the accuracy of the entries on the printouts as well as the necessity for, and

17   reasonableness of, the time and expenses committed to the litigation.

18       8.    The summary below includes the name of each person from my firm who worked on

19   the case, years of experience, hourly billing rates, and the total number of hours expended.

20       9.    From inception to September 9, 2021, attorneys at my firm spent 88 hours working

21   on this litigation. My firm's lodestar is $60,260.00 calculated at current rates.

| Attorney | Year Admitted to Practice | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Ben Barnow (Shareholder) | 1969 | 6.1 | $950 | $5,795 |
| Erich P. Schork (Former Associate) | 2006 | 56 | $725 | $40,600 |
| Anthony L. Parkhill (Associate) | 2014 | 17.1 | $650 | $11,115 |
| Riley Prince (Law Clerk) | (2021 graduate pending admission) | 11 | $250 | $2,750 |
| **Total** | | **88** | | **$60,260** |

10.     The hourly rates shown above are the current usual and customary rates set by my firm for each individual and used in all current litigation matters, as periodically adjusted according to market rates. *See*, *e.g.*, *Gann v. Nissan North America*, 18-cv-966, ECF No. 130 (M.D. Tenn. March 10, 2020) (awarding, $5,900,000 of reasonable attorneys' fees, costs and expenses on the basis of evidence submitted, including time records for Ben Barnow (then $875/hr), Erich P. Schork (then $700/hr), and Anthony Parkhill (then $425/hr)). *See also*, *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-2171 FMO (FFMx), 2017 U.S. Dist. LEXIS 77576, at *42–43 (C.D. Cal. May 21, 2017) (approving Barnow and Associates, P.C.'s rates as reasonable given "the prevailing rates in the community for lawyers of comparable skill, experience, and reputation"). *See* Firm Resume, attached as Exhibit A. The rates reflect what would be charged to a fee-paying client in the private legal marketplace for complex litigation. The rates are also in line with the rates charged by other firms that handle complex cases and class actions. The legal authority cited in the concurrently filed motion for final approval, as well as the billing surveys attached to the declaration of Timothy G. Blood in support of final approval provides further support that based on the experience of each of my firm's attorneys, the hourly rates are reasonable.

11.     The costs and expenses for which reimbursement is sought are reasonable in amount and were necessary for the effective and efficient litigation of the case. All of the expenses are of a type that, in my view, would normally be charged to a fee-paying client in the private legal marketplace. My firm has received reimbursement for similar costs and expenses in numerous cases.

12.     My firm has incurred $1,887.07 in out-of-pocket litigation costs and expenses as summarized below:

| Expense Category | Total |
|---|---|
| Deposition Costs | $1,052.73 |
| Filing Fees | $400 |
| Electronic Research | $434.34 |
| **TOTAL** | **$1887.07** |

13.     The following is additional information regarding these expenses:

1        (a)    Deposition Costs: These costs include the costs of Ms. Carrigan's deposition,

2  including the amount paid to the court reporter ($1,021.40) and lunch for two attorneys during a

3  break from the deposition ($31.33).

4        (b)    Filing Fees: This was paid for the filing fee of the *Carrigan v. Reckitt*

5  *Benckiser, LLC* action.

6        (c)    Electronic Research: The amount of $359.34 was paid to Westlaw for legal

7  research, and the amount of $75 was paid to PACER for research in federal court filings. Westlaw

8  is used to obtain access to legal research, factual databases, and for cite-checking of briefs. The

9  expense amount detailed herein represents the out-of-pocket costs incurred by my firm in connection

10 with use of these services in connection with this litigation. My firm has a flat-rate contract with

11 Westlaw for use of its services. When my firm utilizes Westlaw services, the case name is entered

12 for the specific case being researched. At the end of each billing period in which a service is used,

13 my firm's costs for such services are allocated to specific cases based on the percentage of use in

14 connection with that specific case in the billing period. As a result of the contract negotiated by my

15 firm, the Class enjoys substantial savings in comparison with the market-rate for *a la carte* use of

16 online legal research services, which some law firms pass on to their clients.

17        14.    As discussed above and in my firm resume attached, I have substantial experience

18 litigating class actions as Court-appointed class counsel. I believe this record-setting Settlement is

19 fair, reasonable, and adequate and should be approved.

20        I declare under penalty of perjury under the laws of the United States of America that the

21 foregoing is true and correct. Executed on September 14, 2021, at Chicago, Illinois.

22                                        BARNOW AND ASSOCIATES, P.C.

23                                        By:        *s/  Ben Barnow*
                                                    BEN BARNOW
24
                                          205 West Randolph, Suite 1630
25                                        Chicago, IL  60606
                                          Tel: 312/621-2000
26                                        312/641-5504 (fax)
                                          b.barnow@barnowlaw.com
27
                                          *Plaintiffs' Counsel*
28

                                          4                    Case No. 3:17-cv-03529-VC

# Exhibit A

# BEN BARNOW

## BARNOW AND ASSOCIATES
*a professional corporation*
ATTORNEYS AT LAW

Ben Barnow is nationally recognized for his experience in leading some of the nation's largest class actions. In that capacity, he has successfully led the prosecution of a number of large-scale class actions relating to consumer data security breaches, consumer protection issues, and antitrust violations. He has been appointed to and served in leadership positions in cases throughout the nation, in both state and federal courts, including MDL proceedings. His efforts have delivered resolutions in numerous significant cases, including cases against America Online, DaimlerChrysler, McDonald's, Microsoft, Nissan, Shell Oil, Sony, TJX, and Toyota.

Ben Barnow graduated from the University of Wisconsin in 1966 with a Bachelor's degree in Business Administration. He received his Juris Doctor from the University of Michigan Law School in 1969. He is licensed to practice in the State of Illinois and the State of New York. Mr. Barnow is also admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the First, Third, Sixth, Seventh, Eighth, and Ninth Circuits, the United States District Court for the Northern District of Illinois, the Central District of Illinois, the District of Colorado, the Eastern District of Wisconsin, and the Western District of Wisconsin. He is a member of the American Bar Association, the American Association for Justice, the Illinois State Bar Association, and the Chicago Bar Association. He has also served as a member of the Panel of Arbitrators of the American Arbitration Association. He is listed in Martindale-Hubbell with an AV rating.

During his over forty-year legal career, Ben Barnow has represented both plaintiffs and defendants in many types of litigation and has engaged in significant transactional work. He was General Counsel to one of the world's largest public relations agencies and presided as chairman of certain of its retirement trusts. Ben Barnow was an Associate Professor at Northern Michigan University from 1969-1971, where he taught business law and unfair competition. Mr. Barnow joined the law firm of Herrick, McNeill, McElroy & Peregrine in July 1971, where he became a partner in 1977.

As part of a series of articles by Law360 featuring notable plaintiff attorneys, Ben Barnow was recognized as a Titan of the Plaintiffs Bar, and Barnow and Associates, P.C. "a plaintiffs' class action outfit known for winning big-time antitrust and data breach settlements." Sindhu Sundar, Titan of the Plaintiffs Bar:

Ben Barnow, Law360 (Oct. 8, 2014), https://www.law360.com/articles/585655/titan-of-the-plaintiffs-bar-ben-barnow (last visited June 3, 2019).

## Selected Cases

<u>Data Security Breach Cases</u>

*Orr v. InterContinental Hotels Group, PLC.* Ben Barnow was appointed as one of Lead Class Counsel in this payment card data breach litigation. He successfully negotiated a class settlement providing a claim process for Class Members to seek reimbursement for certain expenses or fraudulent and unauthorized charges resulting from the data breach, subject to an aggregate cap of $1.55 million. The settlement was granted final approval.

*In re: Zappos.com Inc. Customer Data Security Breach Litigation.* Ben Barnow was one of Co-Lead Class Counsel and settlement class counsel in this litigation, which resulted in a landmark Ninth Circuit ruling recognizing the Article III standing of consumers harmed by data breaches. He also successfully opposed Zappos' petition for writ of certiorari to the Supreme Court of the United States, where he served as counsel of record for plaintiffs. After many years of litigation, he negotiated a settlement that was granted final approval. The Settlement provided Class Members with CAFA-compliant coupons that were redeemed for over $7 million.

*In Re: Sony Gaming Networks and Customer Data Security Breach Litigation,* **MDL 2258.** The Honorable Anthony J. Battaglia appointed Ben Barnow to the Plaintiffs' Steering Committee—a committee of seven firms established to lead the litigation—in this MDL proceeding involving over 60 cases relating to a data security breach that affected approximately 50 million consumers in the United States and Canada. A settlement agreement was entered into and was granted final approval. At the final fairness hearing, Judge Battaglia remarked: "Just in the final analysis, the order, much like all the work by both sides throughout the case, has been impeccable, highly professional, and skilled. It's been a real pleasure dealing with you."

*In Re: TJX Retail Security Breach Litigation,* **MDL No. 1838.** Ben Barnow served as one of Co-Lead Settlement Class Counsel for the Consumer Track in this MDL proceeding relating to the theft of approximately 45 million credit and debit card numbers used at TJX stores and the personal information of over 454,000 TJX customers. Mr. Barnow took the lead in negotiating a settlement with TJX's attorneys that made available benefits valued at over $200 million to the Class. The Honorable Judge Young granted final approval to the settlement, which he referred to as "excellent," and as containing "innovative" and "groundbreaking" elements.

*In Re: Countrywide Fin. Corp. Customer Data Security Breach Litigation,* MDL No. **1998.** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this forty-case MDL proceeding relating to a former Countrywide employee's theft and sale of millions of Countrywide customers' private and confidential information. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $650 million available to approximately 17 million Settlement Class Members. In the opinion granting final approval to the settlement, the Honorable Chief Judge Russell noted that "Co-Lead Settlement Counsel are nationally recognized in the field of class actions, particularly those involving security breaches," and stated that "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process."

*In Re: Heartland Payment Systems Inc., Data Security Breach Litigation,* MDL No. **2046.** Ben Barnow served as one of Co-Lead Counsel for the Consumer Track in this MDL proceeding relating to what, at the time, was reported as one of the largest data security breaches in history. Mr. Barnow negotiated a settlement on behalf of a Settlement Class that is estimated to include more than 120 million members. Notice of the settlement was completed and only one objection was received. Final approval of the settlement was granted.

*Winstead v. ComplyRight, Inc.,* Ben Barnow served as one of Co-Lead Settlement Class Counsel in this proceeding relating to the theft of approximately 665,000 individuals' private and confidential information (including Social Security numbers) from ComplyRight, Inc.'s web portal. Mr. Barnow and his Co-Lead Settlement Class Counsel negotiated a settlement that included the creation of a $3,025,000 settlement fund and which allowed Settlement Class members to claim, at their selection, a cash payment, a protection plan option, or reimbursement of up $200 in documented and unreimbursed out-of-pocket expenses incurred as a result of the Data Breach. Final approval of the settlement was granted.

*Lockwood v. Certegy Check Services, Inc.* Ben Barnow served as one of Co-Lead Settlement Class Counsel in this consolidated proceeding relating to the theft of approximately 37 million individuals' private and confidential information from Certegy Check Services, Inc.'s computer databases. Mr. Barnow organized all plaintiffs' counsel and pending cases without the benefit of an MDL and negotiated a settlement that was granted final approval, making benefits valued at over $500 million available to Settlement Class Members. At the final fairness hearing, the Honorable Judge Merryday described the settlement as a "good deal," providing "a real benefit to a large class of persons" as "the result of the focused attention of skilled counsel for a protracted time."

*McGann v. Schnuck Markets, Inc.,* Ben Barnow served as one of Co-Lead Settlement Class Counsel in this proceeding relating to the theft of the credit and

debit card information of an estimated 777,000 individuals from point-of-sale terminals at affected Schnucks stores. Mr. Barnow negotiated a settlement that has been granted final approval, making significant benefits available to the Settlement Class.

*Rowe v. Unicare Life and Health Insurance Co.* Ben Barnow was Lead Counsel in this proceeding relating to the defendants' alleged failure to secure the private health information of approximately 220,000 individuals enrolled in the defendants' health insurance plans, resulting in such information being accessible to the public via the Internet. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $20 million available to Settlement Class Members. At the preliminary approval hearing, the Honorable Judge Hibbler described the efforts of the parties as "exemplary."

<u>Deceptive Trade Practices and Other Consumer Protection Cases</u>

*Gann v. Nissan North America, Inc.* Ben Barnow served as one of Class Counsel in this case regarding defective continuously variable transmissions on 1.4 million 2013–2016 Nissan Altima vehicles. After successfully defeating Nissan's motions to dismiss the litigation in two separate courts, he negotiated a settlement providing reimbursement for out-of-pocket costs for prior transmission replacements and a warranty extension, collectively valued at over $444 million.

*Warner v. Toyota Motor Sales, U.S.A., Inc.* Ben Barnow served as one of Co-Lead Counsel in this litigation regarding claims of excessive frame rust to certain Toyota vehicles, yielding a recent landmark settlement estimated at $3.4 billion. Under the settlement, owners of 2005–2010 Toyota Tacoma, 2007–2008 Toyota Tundra, and 2005–2008 Toyota Sequoia vehicles are eligible for free frame inspections for a period of twelve years from the date the vehicle was originally sold or leased, or one year from the date of the Final Order and Judgment, whichever is longer. Vehicles that exhibit excessive frame rust are eligible for a free frame replacement.

*Rafofsky v. Nissan North America, Inc.* Ben Barnow served as Class Counsel in this litigation regarding the failure to timely deliver certain advertised infotainment apps on 2014 Infiniti Q50s. Class Counsel achieved a settlement in which class members could file claims for cash worth up to $85 or for vouchers to purchase of a new Infiniti vehicle worth up to $1,250.

*Palace v. DaimlerChrysler Corp.* Ben Barnow was one of Co-Lead Class Counsel in this litigation relating to the defendant's sale of Neons containing allegedly defective head gaskets. After several years of litigation, a settlement was granted final approval, making up to $8.25 million available to Class members for reimbursement of repair costs and other expenses.

*Schulte v. Fifth Third Bank.* Ben Barnow served as one of Co-Lead Settlement Class Counsel in this action relating to allegations that the defendant unlawfully re-sequenced debit card transactions in order to maximize overdraft fees. In this capacity, he negotiated a settlement with Defendant's counsel providing for the establishment of a $9.5 million settlement fund and including substantial injunctive relief, the present value of which Plaintiffs' expert estimated to be approximately $58.8 million over five years and $108.3 million over ten years. The settlement has been granted final approval.

*Schwab v. America Online, Inc.* (America Online Access Litigation). Ben Barnow served as Class Counsel and Co-Chair in this highly publicized litigation relating to AOL's representation that users would have unlimited access to AOL for $19.95/month and the connectivity problems that ensued in conjunction therewith. In the face of what was ultimately over one hundred class actions filed nationwide, Mr. Barnow organized over 50 law firms and set up the co-chairmanship and the Executive Committee, which brought order and resolution to this litigation. A settlement was reached and was granted final approval, resulting in a multi-million-dollar benefit to a Class estimated to include over 8 million people.

*Miner v. Philip Morris USA, Inc.,* Ben Barnow served as one of Class Counsel in this litigation concerning Philip Morris USA, Inc.'s practice of marketing and selling its Marlboro Lights and Marlboro Ultra-Lights cigarettes as less harmful to smoke than regular cigarettes when, in fact, they were not. A settlement was reached and granted final approval, providing for Philip Morris's payment of $45 million into an escrow account for the benefit of Class members.

*Boland v. McDonald's Corp.* (McDonald's Sweepstakes Litigation). As Co-Lead Class Counsel in this litigation, Ben Barnow coordinated the efforts of approximately 25 plaintiffs' firms. The litigation concerned certain McDonald's promotional games and arose from the fraudulent removal of winning game pieces from random public distribution. Mr. Barnow developed and accomplished the settlement concept; to wit, for a chance lost, a chance would be given. The settlement, valued at approximately $20 million, included fifteen $1 million prizes given away by random selection. The settlement included the United States and nine other countries.

*Campos v. Calumet Transload R.R., LLC,* Ben Barnow served as one of Co-Lead Settlement Class Counsel in this litigation relating to the defendants' alleged negligent storage and handling of petroleum coke and coal at certain industrial storage facilities in Chicago, Illinois. Two settlements were reached which collectively provided for the payment of $1,455,000 for the benefit of Settlement Class members. The settlements were granted final approval.

*Fernandez v. Vitamin Shoppe Industries, Inc.* Ben Barnow served as Co-Lead Counsel in this national class action that settled, resulting in injunctive relief

regarding labeling practices, and additional relief by way of discount coupons and *cy pres* relief to appropriate charities.

***Gianopolous v. Interstate Brand Corp. and Interstate Bakeries Corp.*** Ben Barnow was appointed one of Class Counsel in this litigation concerning allegedly adulterated bakery goods. A settlement was reached and granted final approval, making valuable relief available to consumers.

***Glenz v. RCI, LLC.*** Ben Barnow served as one of three Class Counsel in this litigation involving the RCI Points program and allegations of improper use of points by RCI. The settlement made available cash benefits of approximately $19 million to members of the Settlement Class and included substantial injunctive relief. Final approval of the settlement has been granted.

***Heilman v. Perfection Corp.*** Ben Barnow served as Co-Lead Class Counsel in this national class action concerning allegedly defective dip tubes in over 14.2 million hot water tanks sold throughout the United States. In this capacity, Mr. Barnow organized twenty-three law firms and oversaw numerous filings in bringing about a national unified settlement that provided for a 100% recovery of out-of-pocket expenses and requisite repairs, including preventive replacement of all concerned dip tubes, whether or not the dip tubes had actually failed.

***In Re: Chicago Flood Litigation.*** As Co-Lead Class Counsel and a member of the Executive Committee, Ben Barnow was responsible for several major aspects of this class action, which included years of litigation, appellate practice, trial, and a multi-million-dollar settlement. Mr. Barnow argued a related portion of the matter before the Supreme Court of the United States, *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), and was responsible for preparing the petition for a writ of certiorari and all related filings. At the Supreme Court level, opposing counsel was John Roberts, who now sits as Chief Justice of the Supreme Court of the United States.

***In Re: High Sulfur Content Gasoline Products Liability Litigation***, MDL No. 1632 (**"Shell Oil"**). Ben Barnow served as Co-Lead Settlement Class Counsel in this 26-case MDL proceeding relating to the defendant's alleged sale of defective gasoline. A settlement was reached and was granted final approval, resulting in approximately $100 million being made available towards the satisfaction of consumers' claims.

***In Re: Mercury Class Action Litigation.*** Ben Barnow served as Co-Lead Class Counsel in this case relating to the location of mercury-containing gas regulators in and on real estate. A settlement was reached and granted final approval that provided for medical monitoring, removal of the regulators, and cash compensation to certain class members.

*In Re: M3Power Marketing Practices Litigation*, MDL No. 1704. Ben Barnow was appointed Co-Lead Class Counsel in this MDL proceeding relating to the defendant's allegedly deceptive marketing and sale of M3Power shaving razors. A settlement was reached and granted final approval, making available benefits of more than $7 million to Class members.

*In Re: Pilot Flying J Fuel Rebate Contract Litigation.* Ben Barnow served as one of Settlement Class Counsel in this litigation involving allegations that the defendants withheld portions of fuel discounts and rebates that Class members were contractually entitled to receive in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), and various state laws. The $84.9 million settlement was granted final approval.

*In Re: Starlink Corn Products Liability Litigation*, MDL No. 1403. Ben Barnow served as Co-Lead Class Counsel in this MDL proceeding relating to the alleged inclusion of genetically engineered corn in the defendants' food products. A settlement was reached, valued at $9 million, including the return of up to $6 million to consumers on a fluid recovery/*cy pres* basis through price reduction on future purchases coupled with a cash payment to approved charities based on shortfall in the redemption.

*In Re: United Parcel Service, Inc., Shipper Excess Value Insurance Coverage Litigation.* Ben Barnow was one of Settlement Class Counsel in this litigation. A settlement was reached and granted final approval, providing relief to UPS shippers who had paid premiums for excess value insurance coverage.

*Ori v. Fifth Third Bank.* Ben Barnow served as one of Co-Lead Settlement Class Counsel in this action relating to inactive mortgage loans that were erroneously reported as active to Consumer Credit Reporting Agencies. The Settlement Class included approximately 55,000 individuals, and the settlement made available cash benefits of approximately $3,000,000 to members of the Settlement Class. Final approval of the settlement has been granted.

*Orrick v. Sonic Communications.* Ben Barnow was one of Lead Class Counsel in this matter relating to the practice known as "slamming." The private actions and actions filed on behalf of various Attorneys General were consolidated. A settlement covering all of the pending cases and providing benefits of approximately $8.3 million was achieved and granted final approval. This litigation is believed to be the first class certification and settlement relating to the practice known as "slamming."

*Rosen v. Ingersoll-Rand Co., Kryptonite Corp.* Ben Barnow was Co-Lead Class Counsel in this matter relating to allegedly defective bicycle locks. Mr. Barnow organized 18 U.S. and Canadian law firms and negotiated a settlement on behalf of Class members in the U.S. and Canada. The settlement was granted final approval,

providing valuable relief to purchasers of the allegedly defective U-shaped tubular cylinder bicycle locks in the U. S. and Canada.

***Schneider v. Dominick's Finer Foods, Inc.*** Ben Barnow was Co-Class Counsel in this matter relating to the defendant's alleged failure to deliver on representations of 100% ground beef. A settlement was reached and granted final approval, which included significant remedial relief in the form of shop signage regarding cleanliness and meat grinding practices, and fluid recovery mechanisms to compensate the class members by way of in-store sales and published coupons.

***Schwab v. Binney & Smith.*** Ben Barnow served as Co-Lead Class Counsel in this case relating to crayons that were produced for decades with talc, which allegedly contained, or was subject to containing, asbestos. Mr. Barnow negotiated a national class settlement that contributed to the reformulation of most crayons produced in this country, so as to eliminate the inclusion of talc and, thus, the alleged asbestos inclusion, and the settlement was granted final approval. This represented one of the largest classes ever certified, if not the largest.

***Siegel v. Syncronys.*** Ben Barnow was Co-Class Counsel in this nationwide class action concerning an allegedly defective computer product. The matter was settled, resulting in a remedy for the Class that provided for a 100% reimbursement on moneys spent for the product; the value of the settlement was estimated at $22 million.

***Smith v. J.M. Smucker Co.*** Ben Barnow was Class Counsel in this litigation relating to allegedly deceptive advertising practices. Mr. Barnow negotiated a national settlement and organized a group of plaintiffs' counsel from over 25 firms throughout the country who supported the settlement. The settlement was granted final approval, making available valuable relief to consumers of spreadable fruit products labeled "Simply 100% Fruit," including a change of labeling practices by the defendant, which added and maintained the following language, in prominent fashion, on the front label of its Simply 100% Fruit products: "Sweetened with fruit syrup from apple, pineapple or pear juice concentrate," thus fairly and fully advising consumers of the product they were purchasing.

***Stelk v. BeMusic, Inc.*** Ben Barnow served as Co-Lead Class Counsel in this litigation relating to charges for shipping and handling in the context of a "free" offer. The Class included an estimated 16 million members. A settlement was reached and granted final approval providing substantial relief to Class members, including a guaranteed minimum of $8 million.

## Antitrust Cases

***Wisconsin Civil Microsoft Antitrust Litigation.*** Ben Barnow served as one of Co-Lead Class Counsel in this indirect purchaser antitrust lawsuit. Mr. Barnow and his co-counsel successfully petitioned the Wisconsin Supreme Court to recognize the rights of indirect purchasers to recover under Wisconsin's antitrust laws. *Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005). Subsequently thereto, Mr. Barnow negotiated a settlement valued at approximately $224 million that was granted final approval.

***Arkansas, Kansas, South Dakota Civil Microsoft Antitrust Litigations.*** Ben Barnow served as a Co-Lead Class Counsel in the Arkansas, Kansas, and South Dakota Microsoft civil antitrust cases. Each of these cases settled, and the settlements were granted final approval.

***Microsoft Civil Antitrust Litigation*, MDL No. 1332.** Ben Barnow served as a member of the nine-member Plaintiffs' Lead Counsel Committee in this MDL antitrust proceeding before Judge Motz in the United States District Court for the District of Maryland.

***Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.,*** Ben Barnow served as a Co-Lead Counsel for third-party payor plaintiffs in this antitrust action where settlements were reached and finally approved collectively providing for the payment of $9,850,000 for the benefit of the Settlement Class.

***Loeb Industries, Inc. v. Sumitomo Corp.*** Ben Barnow served as Co-Lead Counsel in this nationwide antitrust class action, which sought recovery on behalf of scrap copper purchasers who were allegedly harmed by activities designed to manipulate the copper market. A $20 million cash settlement with one of the defendants (Merrill Lynch) was reached.

***Vichreva v. Cabot Corp.*** Ben Barnow served as Co-Lead Counsel in this Florida antitrust litigation. An $825,500 common fund, which is believed to be the largest per-consumer Carbon Black state court antitrust class action settlement in the country at that time, was obtained.

## Public Speaking Engagements

1. HarrisMartin's Equifax Data Breach Litigation Conference (Atlanta, GA, Nov. 10, 2017), topic: "Settlements" (Program Co-Chair)

2. Bridgeport Continuing Education's 2016 Class Action Litigation & Management Conference (Los Angeles, CA, Apr. 15, 2016) (Program Co-Chair)

3. HarrisMartin's Data Breach Litigation Conference: The Coming of Age (San Diego, CA, Mar. 25, 2015), topic: "Creative Approaches to Settling Data Breach Cases."

4. Bridgeport Continuing Education's 2014 National Consumer Class Action Conference (Chicago, IL, Jun. 12-13, 2014); topic: "Privacy/TCPA Class Actions: State of the Law, Claims and Defenses, What Does the Future Hold?"

5. HarrisMartin's MDL Conference: Target Data Security Breach Litigation (San Diego, CA, Mar. 26, 2014); topic: "Settlement of a Data Breach Case."

6. NetDiligence Cyber Risk & Privacy Liability Forum (Marina del Rey, CA, Oct. 11–12, 2012).

7. 25th Annual Producer Conference (Stowe, VT, Sept. 10–12, 2012); topic: "Cyber 2.0—The Evolution of Cyber in the Boardroom."

8. NetDiligence 2012 Cyber Risk & Privacy Liability Forum (Philadelphia, PA, June 4–5, 2012); topic:  "State of the Cyber Nation—Cases, Theories, and Damages."

9. Tulane University Law School's symposium on *The Problem of Multidistrict Litigation* (February 15–16, 2008); topic: "The Practicalities of Multidistrict Litigation."

# ANTHONY L. PARKHILL

## BARNOW AND ASSOCIATES

*a professional corporation*
ATTORNEYS AT LAW

Anthony L. Parkhill has more than five years of litigation experience and has spent the last four years prosecuting some of the nation's largest complex consumer fraud, automotive defect, and privacy class action matters.

Mr. Parkhill graduated from DePaul University with a Bachelor's degree in Political Science in 2010. He received his Juris Doctor from the University of Chicago Law School in 2014. He is licensed to practice in the State of Illinois. He is also admitted to practice before the United States Courts of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, and the United States District Court for the District of Colorado. He is a member of the American Bar Association, the Illinois State Bar Association, and the Chicago Bar Association.

Mr. Parkhill has played an active role in litigating the following class action matters that successfully settled: *Gann v. Nissan North America, Inc.* (M.D. Tenn.) (settlement reached in case regarding defective transmissions providing reimbursement for out-of-pocket costs for prior transmission replacements and a warranty extension, collectively valued at over $444 million); *Warner v. Toyota Motor Sales, U.S.A., Inc.* (C.D. Cal.) (settlement reached regarding allegations of excessive frame rust to certain vehicles providing benefits valued at in excess of $3.4 billion to Settlement Class members); *Orr v. InterContinental Hotels Group, PLC* (N.D. Ga.) (settlement reached in payment card breach case providing reimbursement for certain expenses subject to an aggregate cap of $1.55 million); *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.*, (E.D. Wis.) (settlements reached with four of six defendants in this ongoing international antitrust action providing for the payment of $9,850,000); *Campos v. Calumet Transload R.R., LLC* (N.D. Ill.) (settlements reached providing for payment of $1,455,000 for the benefit of the Settlement Class in action relating to the alleged negligent storage and handling of petroleum coke and coal at certain industrial storage facilities); *Rafofsky v. Nissan North America, Inc.*, (settlement providing class members with up to $85 cash or vouchers worth up to $1,250); and *In re Zappos Security Breach Litigation*, (D. Nev.) (settlement providing class with benefits in excess of $7 million); and *Cullan and Cullan LLC v. m-Qube, Inc.*, (D. Neb.), (making over $1 million available to victims of cell phone cramming).

Mr. Parkhill was appointed as one of Class Counsel in *Rafofsky v. Nissan North America, Inc.*, where a class settlement was granted final approval.

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on September 14, 2021, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel

4   for defendant Reckitt Benckiser LLC to the e-mail addresses denoted on the Electronic Mail Notice

5   List, and that I have mailed the foregoing document via the United States Postal Service to the non-

6   CM/ECF participants indicated on the Electronic Mail Notice List.

7          I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct. Executed on September 14, 2021.

9

10                                          *s/  Timothy G. Blood*
                                        TIMOTHY G. BLOOD

11
                                        BLOOD HURST & O'REARDON, LLP
12                                       501 West Broadway, Suite 1490
                                        San Diego, CA 92101
13                                       Tel: 619/338-1100
                                        619/338-1101 (fax)
14                                       tblood@bholaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                              Case No. 3:17-cv-03529-VC