1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10   GORDON NOBORU YAMAGATA and              Case No. 3:17-cv-03529-VC
     STAMATIS F. PELARDIS, individually and
11   on behalf of all others similarly situated,   **[PROPOSED] ORDER GRANTING FINAL
                                                    APPROVAL OF CLASS ACTION
12                    Plaintiffs,                   SETTLEMENT AND AWARDING
                                                    ATTORNEYS' FEES, REIMBURSEMENT
13            v.                                    OF EXPENSES, AND SERVICE AWARDS
                                                    FOR CLASS REPRESENTATIVES**
14   RECKITT BENCKISER LLC,

15                    Defendant.                    **CLASS ACTION**

16
                                                   District Judge Vince Chhabria
17                                                 Courtroom 4, 17th Floor

18                                                 **JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

This matter came on for hearing on October 28, 2021, at 10:00 am. The Court has considered the Settlement Agreement filed on May 12, 2021 (the "Settlement Agreement"). *See* ECF No. 221-2.

On June 19, 2017, plaintiffs Gordon Noboru Yamagata and Stamatis F. Pelardis filed a class action complaint against Reckitt Benckiser in the United States District Court for the Northern District of California captioned *Yamagata v. Reckitt Benckiser, LLC*, Case No. 3:17-cv-03529-VC, on behalf of themselves and all other consumers who purchased Reckitt Benckiser Move Free Advanced products. On October 22, 2018, a related class action was filed by plaintiff Maureen Carrigan against Reckitt Benckiser in the United States District Court for the Northern District of Illinois captioned *Carrigan v. Reckitt Benckiser, LLC*, Case No. 1:18-cv-07073. On March 2, 2021, Plaintiffs filed a Second Amended Class Action Complaint in this action alleging a nationwide class and including Yamagata, Pelardis, Maureen Carrigan, Lori Coletti, Ann-Marie Maher, Carol Marshall, Deborah A. Rawls, Oneita Steele, and Maxine Tishman as named plaintiffs.

The parties have engaged in substantial litigation and discovery, including expert discovery and were about to file pretrial motions in advance of a March 22, 2021 trial in this Court. In the course of litigation and in preparation for trial: (i) Plaintiffs' Counsel reviewed over 303,000 pages of hard-copy and electronic documents produced by Reckitt Benckiser; (ii) over 7,500 pages of documents obtained as the result of more than twenty subpoenas Plaintiffs' Counsel served on third party retailers of Move Free Advanced, Defendant's ingredient supplier, and scientists and researchers who conducted studies on Move Free Advanced; (iii) Plaintiffs' Counsel submitted nine expert declarations in connection with class certification, summary judgment and motions to exclude testimony, and eleven expert reports pursuant to Federal Rule of Civil Procedure 26 from seven experts on issues relating to advertising and marketing, scientific evidence on the inefficacy of Move Free Advanced, and damages; (iv) Defendant's Counsel submitted ten expert reports and declarations pursuant to Federal Rule of Civil Procedure 26 from eight experts on the above issues; (v) the Parties collectively deposed 30 witnesses (25 by Plaintiffs and five by Defendant); and (vi) the Parties have engaged in extensive motion practice, including class certification and summary judgment. *See* ECF No. 221-1 at ¶¶ 4-32.

1    The Parties also participated in numerous arm's-length settlement mediations at different

2    stages throughout the litigation, including seven formal and numerous informal mediation and

3    settlement negotiation sessions before three different neutrals: the Honorable Wayne R. Anderson

4    (Ret.), the Hon. Jacqueline Corley, and with Robert A. Meyer, Esq. Throughout the course of

5    mediation efforts, the Parties were simultaneously engaging in the discovery and litigation efforts

6    described above. ECF No. 221-1 at ¶¶ 33-37.

7    Under the Settlement, Defendant will create a $50,000,00.00 common fund. This all-cash,

8    non-reversionary common fund will be distributed to compensate Plaintiffs' Counsel their fees and

9    expenses, as awarded by the Court, to pay Class Representative service awards, as awarded by the

10   Court, to pay the Court-appointed Settlement Administrator for notice and settlement administration

11   costs, to provide cash payments to Class Members, and to distribute any remainder, if any, to the *cy*

12   *pres* recipient.

13   A hearing was held before this Court on June 24, 2021, on the Motion for Preliminary

14   Approval. *See* ECF No. 221. The Court granted the motion. *See* ECF No. 227. Before the Court is

15   the last stage of the settlement approval process: final approval of the Settlement. Plaintiffs have

16   separately moved approval of attorneys' fees and expenses and service awards for the Class

17   Representatives. *See* ECF No. 230.

18   At the final approval hearing, Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst

19   & O'Reardon, LLP appeared for Plaintiffs and the Class, and David Biderman and Jasmine

20   Wetherell of Perkins Coie LLP appeared for Defendant.

21   An opportunity to be heard having been given to all other persons desiring to be heard as

22   provided in the Class Notice and having considered all of the submissions and arguments, and good

23   cause appearing therefore, IT IS HEREBY ORDERED AS FOLLOWS:

24   1.    This Final Order incorporates herein and makes a part hereof the Settlement

25   Agreement, including the Exhibits thereto, and incorporates by reference the definitions in the

26   Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the

27   Settlement Agreement unless set forth differently herein.

28

2.      The Court has jurisdiction over the subject matter of this action, and all Parties to the action for purpose of settlement, including all Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following Settlement Class for settlement purposes, only:

> All persons who purchased within the United States and its territories Move Free Advanced, Move Free Advanced Plus MSM, or Move Free Advanced Plus MSM & Vitamin D, other than solely for purposes of resale, from May 28, 2015 to June 24, 2021.

> Excluded from the Settlement Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiffs' Counsel and Defendant's Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) any government entity; (iii) Reckitt Benckiser and any entity in which Reckitt Benckiser has a controlling interest, any of its subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and (iv) any persons who timely opt-out of the Settlement Class.

4.      Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds Plaintiffs Gordon Noboru Yamagata, Stamatis F. Pelardis, Maureen Carrigan, Lori Coletti, Ann-Marie Maher, Carol Marshall, Deborah A. Rawls, Oneita Steele, and Maxine Tishman are members of the Settlement Class, their claims are typical of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout their involvement in this action. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Accordingly, the Court hereby appoints Gordon Noboru Yamagata, Stamatis F. Pelardis, Maureen Carrigan, Lori Coletti, Ann-Marie Maher, Carol Marshall, Deborah A. Rawls, Oneita Steele, and Maxine Tishman as Class Representatives for the Settlement Class.

5.      The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the claims alleged in the First Amended Class Action Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority. *See Yamagata v. Reckitt Benckiser LLC*, No. 17-cv-03529-VC, 2019 U.S. Dist. LEXIS 117599 (N.D. Cal. June 5, 2019) (granting class certification).

3

1   6.      Having considered the factors set forth in <u>Federal Rule of Civil Procedure 23(g)(1)</u>,

2   the Court makes final its appointment of Timothy G. Blood and Thomas J. O'Reardon II of Blood

3   Hurst & O'Reardon, LLP as Class Counsel to represent the Class Members. *Staton v. Boeing*, <u>327</u>

4   <u>F.3d 938, 957</u> (9th Cir. 2003). Class Counsel from Blood Hurst & O'Reardon, LLP are qualified

5   and experienced in class action litigation, including in prosecuting false advertising cases. *See* <u>ECF</u>

6   <u>No. 221-4</u> (Blood Hurst & O'Reardon, LLP firm resume).

7   7.      The Court finally confirms appointment of Epiq Class Action and Claims Solutions

8   as the Settlement Administrator. All fees and costs associated with the Class Notice Program and

9   claims administration shall be paid by Defendant, as set forth in the Settlement Agreement. The

10  Settlement Administrator is directed to perform all responsibilities assigned in the Settlement

11  Agreement.

12  8.      The Court finds that the persons excluded from the Settlement Class because they

13  filed valid requests for exclusion ("Opt-Outs") are identified in Exhibit A to this Order. These Class

14  Members who filed timely, completed Opt-Outs are not bound by this Order and the accompanying

15  Final Judgment or the terms of the Settlement Agreement and may pursue their own individual

16  remedies against Defendant. However, such persons are not entitled to any rights or benefits

17  provided to Class Members by the terms of the Settlement Agreement.

18  9.      The Court directed that Class Notice be given to the Class Members pursuant to the

19  notice program proposed by the Parties and approved by the Court. In accordance with the Court's

20  Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator

21  caused the forms of Class Notice to be disseminated as ordered. The Long-form Class Notice

22  advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and

23  their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and

24  to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect

25  of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the

26  Settlement Class.

27  10.     The distribution of the Class Notice pursuant to the Class Notice Program constituted

28  the best notice practicable under the circumstances, and fully satisfies the requirements of Federal

1   Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other

2   applicable law. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Rodriguez v. West Publ'g*

3   *Co.*, 563 F.3d 948, 962 (9th Cir. 2009).

4        11.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing

5   and based upon all submissions of the Parties and interested persons, the Settlement Agreement

6   proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court

7   considered the record in its entirety and heard the arguments of counsel for the Parties and all other

8   persons seeking to comment on the proposed Settlement Agreement. The Court has carefully

9   considered the objections to the Settlement, including to Class Counsel's request for attorneys' fees

10  and expenses, and finds the objections are without merit, and they do not undermine the Court's

11  determination herein that the Settlement as a whole "is fundamentally fair within the meaning of

12  Rule 23(e)." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Accordingly, the

13  objections are overruled. In addition, the Court has considered a number of factors, including: (1) the

14  complexity, expense, and likely duration of the litigation; (2) the reaction of the Class Members to

15  the Settlement Agreement; (3) the stage of the proceedings and the amount of discovery completed;

16  (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of

17  maintaining the class action through the trial; (7) the ability of Defendant to withstand a greater

18  judgment; and (8) the reasonableness of the relief provided by the Settlement Agreement in light of

19  the best possible recovery. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir.

20  1982); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Rodriguez*, 563 F.3d at 965.

21       12.     The terms and provisions of the Settlement Agreement are the product of lengthy,

22  arms-length negotiations conducted in good faith and with the assistance of experienced mediators:

23  the Honorable Wayne R. Anderson (Ret.), the Hon. Jacqueline Corley, and Robert A. Meyer, Esq.

24  *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1122 (9th Cir. 2020). Approval of the Settlement

25  Agreement will result in substantial savings of time, money and effort to the Court and the Parties,

26  and will further the interests of justice.

27

28

13.     All Class Members who have not timely and validly opted out are Class Members who are bound by this Order and accompanying Final Judgment and by the terms of the Settlement Agreement.

14.     Nothing in the Settlement Agreement, this Order, the accompanying Final Judgment, or the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

15.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel and the other Plaintiffs' Counsel in prosecuting the claims on behalf of the Settlement Class. The efforts of Class Counsel and the other Plaintiffs' Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Settlement Class. Class Counsel have made application for an award of attorneys' fees and reimbursement of expenses in connection with the prosecution of the action on behalf of themselves and the other Plaintiffs' counsel. *See* ECF No. 230. The fee award requested is 25% of the Common Fund. This amount is fair, reasonable, and adequate under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel and the other Plaintiffs' Counsel in litigating this matter, the degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's and the other Plaintiffs' Counsel's representation of Plaintiffs and the Class, and the additional work required of Class Counsel and the other Plaintiffs' Counsel to bring this Settlement to conclusion. *Hanlon*, 150 F.3d at 1029; *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Plaintiffs' Counsel are reasonable, and that the hours expended were reasonable. *Hyundai*, 926 F.3d at 570; *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001). Accordingly, the Court hereby awards $12,500,000.00 as attorneys' fees to be paid by the Defendant in accordance with the

terms of the Settlement Agreement. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expenses award to Plaintiffs' Counsel in their sole discretion.

16.     Five (5) percent of the attorneys' fees awarded will be held back pending the filing of a Post-Distribution Accounting by Class Counsel. The Post-Distribution Accounting shall be filed within twenty-one (21) days after the distribution of the settlement funds and should explain in detail when cash payments were sent to Class Members, the number of members who were sent payments, the total amount of payments paid out to Class Members, the average and median recovery per Class Member, the largest and smallest amounts of cash payments paid to Class Members, the number and value of cashed and uncashed checks, the amount distributed to any *cy pres* recipient, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved. Class Counsel are expected to diligently supervise the administration of the Settlement and remain in close contact with the Settlement Administrator. With the Post-Distribution Accounting, Class Counsel should submit a proposed order releasing the remainder of the fees.

17.     Class Counsel have also made application for an award of litigation expenses in connection with the prosecution of the action on behalf of themselves and the other Plaintiffs' Counsel. Finding that such expenses were reasonably and necessarily incurred in prosecuting the action on behalf of the Settlement Class, the Court finally approves Class Counsel's request for litigation expenses in the amount of $658.050.95, which is to be paid by the Defendant in accordance with the terms of the Settlement Agreement. *Staton*, 327 F.3d at 974; *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007).

18.     Further, the Court approves service awards of $7,500 each for Plaintiffs Gordon Noburo Yamagata, Stamatis F. Pelardis and Maureen Carrigan, and $500 each for Plaintiffs Lori Coletti, Ann-Marie Maher, Carol Marshall, Deborah A. Rawls, Oneita Steele, and Maxine Tishman. The Class Representatives participated in the action, acted to protect the Settlement Class, and assisted their counsel. *See* ECF No. 230-1 at Ex. 1 (Class Representatives' declarations). These service awards, which are fair, reasonable, and justified, are to be paid in accordance with the terms

00176572

of the Settlement Agreement. *Rodriguez*, <u>563 F.3d at 958-59</u>; *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, <u>2015 U.S. Dist. LEXIS 193096, at *7-8</u> (N.D. Cal. Aug. 21, 2015).

19.    The Court has considered all relevant factors and hereby approves the Orthopaedic Research Society as the designated *cy pres* recipient of any monies (if any) remaining after the negotiation period of the Cash Payments in accordance with the Agreement. *See* <u>ECF No. 203-3</u> (Declaration of Brenda A. Frederick in Support of Cy Pres Designation of Orthopaedic Research Society); *Nachsin v. AOL, LLC*, <u>663 F.3d 1034</u> (9th Cir. 2011); *Six (6) Mexican Workers*, <u>904 F.2d at 1305</u>.

20.    The Court hereby dismisses with prejudice this action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

21.    Without affecting the finality of this Order and the Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

22.    The Court finding that no reason exists for delay in entering this Order and the Final Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the Clerk is hereby directed to enter the Final Judgment forthwith.

23.    The Parties and the Settlement Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Order and the Final Judgment; and (ii) do not limit the rights of the Settlement Class.

**IT IS SO ORDERED.**

Date: October 28, 2021

_____
HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

00176572

[PROPOSED] ORDER GRANTING FINAL APPROVAL

1

## EXHIBIT A

2

## TIMELY REQUESTS FOR EXCLUSION ("OPT-OUTS")

3

1.  ANNA BIGUS
4
2.  BARBARA BOYDSION
3.  BARBARA J BABCOCK
5
4.  BARBARA S DUDLEY
6
5.  BARBARA STRICKLAND
6.  BETTY G WEATHERBEE
7
7.  BRENDA HODGEN
8.  CAROL J STOEFFLER
8
9.  CAROL MCGHEE
9
10. CAROLE DIAZ
11. CAROLYN A MOHR
10
12. CHRISTINE RINAUDO
13. CORAL GELATKA
11
14. DANIEL SIBELRUD
15. DAVID EYTCHISON
12
16. DEANNE PENNINGS
13
17. DIANE TOBIN
18. DIANNE VICKERY
14
19. DONALD P SPARKS
20. DONNA L CROTTY
15
21. DOYLE RUNYAN
16
22. ELVA G ST CLAIR
23. GARY E THOMPSON
17
24. GEORGE K MUIRU
25. HE WEI
18
26. HELEN WANG
19
27. HITASHA MITERA
28. JAMES C WHITAKER
20
29. JAMES MORRIS
30. JEAN BROWN
21
31. JEANETTE OLSON
22
32. JEANNE BURNS
33. JOAN R LYONS
23
34. JOHN W BUTLER
35. JOYCE EVERINGHAM
24
36. JOYCE J ERICKSON
25
37. JUDITH KASZA
38. KATHLEEN I HAMAMOTO
26
39. LARELL PATTERSON
40. LINDA G MARTEL
27
41. LINDA HOUSE
42. LINDA S HENSON
28
43. LOLA NELSON

00176572
[PROPOSED] ORDER GRANTING FINAL APPROVAL

44. LUCILLE CANTU
45. MAGDELEINE HUNG
46. MARIANNE P MCKENNA
47. MARK R MULHOLLAND
48. MARLENE I JOHNSON
49. MARSINE F STRATTON
50. MARY A BLAYDES
51. MARY A HEISEL
52. MARY COOK
53. MARY L RUSS
54. MARY R ERICKSON
55. MAUREEN DONOHUE
56. MILLIE ROBITAILLE
57. NADJA M ORLUCK
58. NANCY KOZAK
59. NINGXIN XI
60. NORMAN LOUGHLIN
61. OLIVER STEPHENSON
62. PATIENCE CAMPBELL
63. PATRICIA M WHITLEY
64. PETER J MURAD
65. RANDY YORK
66. RICHARD D HOWARD
67. RITA BERGEVIN
68. ROBERT ELLIS
69. ROGER E TEMPLETON
70. ROGER HART
71. RON M FANNING
72. RONALD WALTON
73. ROSE M WILLIAMS
74. ROSS MAY
75. RUTH A JOHNSON
76. RUTH KORTE
77. SANDIA SOMMER
78. SARA DAVIS
79. SHIRLEY SOBCZAK
80. SHIRLEY STEPHENSON
81. STEPHANIE JARA
82. SUE CARTER
83. SUSAN RUNYAN
84. SYLVIA Y ALARCON
85. TAMARA VOGEL
86. THERESA CHENG
87. TIFFANY FELIX
88. TIM SERSHEN
89. VESTORIA JOHNSON
90. WILLIAM BILL MEHL
91. WILLIAM GELATKA

Case No. 3:17-cv-03529-VC

[PROPOSED] ORDER GRANTING FINAL APPROVAL

00176572

92. WILLIAM SCHERR
93. YONGQI ZHANG
94. YUNFEI ZHANG
95. YVONNE KMIECIK
96. ZHAN ZHU

11                                        Case No. 3:17-cv-03529-VC
[PROPOSED] ORDER GRANTING FINAL APPROVAL

1    **CERTIFICATE OF SERVICE**

2         I hereby certify that on October 21, 2021, I electronically filed the foregoing [Proposed]

3    Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees,

4    Reimbursement of Expenses, and Service Awards for Class Representatives with the Clerk of the

5    Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

6    denoted on the Electronic Mail Notice List.

7         I further certify that I caused to be served the foregoing [Proposed] Order Granting Final

8    Approval of Class Action Settlement and Awarding Attorneys' Fees, Reimbursement of Expenses,

9    and Service Awards for Class Representatives via the United States Postal Service to the non-

10   CM/ECF participants indicated on the attached Service List, and that there is regular communication

11   by mail between the place of mailing and the places so addressed.

12        I certify under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct. Executed on October 21, 2021.

14
                                                          *s/  Timothy G. Blood*
15                                                        TIMOTHY G. BLOOD

16                                        BLOOD HURST & O'REARDON, LLP
17                                        501 West Broadway, Suite 1490
                                          San Diego, CA  92101
18                                        Tel: 619/338-1100
                                          619/338-1101 (fax)
19                                        tblood@bholaw.com

20

21

22

23

24

25

26

27

28

                                                12                      Case No. 3:17-cv-03529-VC
                                   [PROPOSED] ORDER GRANTING FINAL APPROVAL

*Gordon Noboru Yamagata; Stamatis F. Pelardis v. Reckitt Benckiser LLC*
Northern District of California, No. 3:17-cv-03529-VC

### MAIL SERVICE LIST

Troy S. Barry
25527 Housman Pl.
Stevenson Ranch, CA  91381

Cynthia Peterson
822 Annkim Circle
Gardnerville, NV  89460

Harriett E. Kostelecky
16611 NW Pt Parkway C114
Surprise, AZ  85374

Randolph and Vivian Reddick
P.O. Box 1001
Calhoun, GA  30703

Jeffrey Murkin
26731 Patterson Drive
Monroe, OR  97456

00123337